IN THE SUPREME COURT OF NORTH CAROLINA

 2021-NCSC-165

 No. 420A20

 Filed 17 December 2021

 STATE OF NORTH CAROLINA

 v.
 DMARLO LEVONNE FAULK JOHNSON

 Appeal pursuant to N.C.G.S. § 7A-30(2) from the decision of a divided panel of

 the Court of Appeals, 273 N.C. App. 358 (2020), finding no error after appeal from a

 judgment entered on 12 May 2017 by Judge Rebecca W. Holt in Superior Court,

 Durham County. Heard in the Supreme Court on 5 October 2021.

 Joshua H. Stein, Attorney General, by Zachary K. Dunn, Assistant Attorney
 General, for the State-appellee.

 Marilyn G. Ozer for defendant-appellant.

 BARRINGER, Justice.

¶1 In this case, we address whether the trial court committed constitutional error

 when it denied defendant’s motion to continue. The motion to continue was based on

 the State’s disclosure on the eve of trial that it planned to use select phone calls of

 over 800 recorded calls made by defendant from jail (the calls). Previously, the State

 had informed defense counsel that it did not intend to introduce any of the calls and

 that the State had ceased reviewing the calls. We conclude that on the record before
 STATE V. JOHNSON

 2021-NCSC-165

 Opinion of the Court

 us, the trial court erred. However, the error was harmless beyond a reasonable doubt

 as to one of defendant’s convictions, first-degree murder. The jury found defendant

 guilty of first-degree murder under the felony murder rule with assault with a firearm

 on a government official as the underlying felony. Because the calls were admitted as

 rebuttal evidence to defendant’s evidence of lack of specific intent, there can be no

 prejudice as a matter of law to the conviction of a general-intent crime. In this case,

 the general-intent crime is assault with a firearm on a government official. Therefore,

 there is no prejudice to a felony murder conviction premised on that general-intent

 crime. Accordingly, we affirm that conviction, and we only order the trial court to

 vacate the judgment of and order a new trial on the conviction dependent on a finding

 of specific intent, robbery with a dangerous weapon.

 I. Background

¶2 Armed with a handgun, defendant robbed a gas station, shot the gas station

 attendant, and pointed a firearm at law enforcement on 4 July 2015. The gas station

 attendant died. The grand jury indicted defendant for robbery with a dangerous

 weapon, assault with a firearm on a government official, and murder. While

 defendant’s actions were recorded by a security camera and he was apprehended

 fleeing the gas station, defendant’s state of mind was disputed. Defendant through

 his counsel filed notice of three defenses: (1) mental infirmity and insanity under

 N.C.G.S. § 15A-959(a), (2) mental infirmity and diminished capacity under N.C.G.S.
 STATE V. JOHNSON

 2021-NCSC-165

 Opinion of the Court

 § 15A-959(b), and (3) voluntary intoxication.

¶3 Relevant to this appeal, on 12 April 2017, the State gave defense counsel a

 compact disc (CD) with 335 calls made by defendant from jail. A day later, the State

 gave notice to defendant of its intent to offer hearsay evidence from a witness,

 concerning statements made by the victim about a confrontation with defendant.

¶4 Defense counsel asked defendant’s investigator to review the calls. However,

 the investigator for defendant could not open the contents of the CD that contained

 the calls. Accordingly, defense counsel contacted and informed the district attorney’s

 office that they could not open the contents of the CD. On 18 April 2017, defense

 counsel followed up with the State by email. In that email, defense counsel informed

 and inquired of the State as follows: “I will not have time to listen to [the calls] and

 do not think I have anyone in my office that can assist. Please let me know if there

 are any calls which you believe are somehow relevant to your case.” The State

 responded as follows:

 I had requested the calls once [the State’s] Inv[estigator]
 informed me that there were issues securing [the
 appearance of a witness who encountered defendant in the
 gas station]. . . . I haven’t listen[ed] to most of them, but it
 is clear that [defendant] indicates that he will not talk on
 the phone about certain matters and will only talk in
 person. At this time[,] I do not intend to use any of those
 calls, and I am no longer requesting anyone to continue
 listening to the calls.

 Essentially, the State had obtained the calls to assess whether defendant knew of or
 STATE V. JOHNSON

 2021-NCSC-165

 Opinion of the Court

 had sought to intimidate the witness who encountered defendant in the gas station,

 but the State decided that reviewing the calls would not be helpful and stopped

 listening to the calls.

¶5 That same day, the State provided a new CD of the 335 calls to defense counsel,

 which defendant’s investigator could open. Given the State’s response and the fact

 that it was less than a week before trial, defense counsel and defendant’s investigator

 “dropped listening” to the calls. Defense counsel and defendant’s investigator instead

 spent a considerable part of the week before trial trying to locate the witness

 identified in the State’s 13 April 2017 notice.

¶6 On 20 April 2017, the State gave notice to defendant of its intent to offer

 hearsay evidence from another witness, the gas station owner. That same day, the

 State filed an amended version of the 13 April 2017 notice and included an exhibit

 containing the substance of the witness’s statements.

¶7 Also on 20 April 2017, the State provided defense counsel with a CD of 545

 additional calls made by defendant from jail. Defense counsel emailed the State about

 these calls, and the State responded, without qualification, “I do not intend to

 introduce any of the jail calls.” The State had obtained these calls to see if defendant’s

 girlfriend said anything during the calls which may have been helpful to the State’s

 case. Based on the State’s representation, defense counsel did not ask anyone to help

 him listen to the calls. April 20 was also the last day defendant’s investigator was at
 STATE V. JOHNSON

 2021-NCSC-165

 Opinion of the Court

 work before the trial commenced because the investigator had contracted pneumonia.

 On 21 April 2017, defense counsel filed an objection to the State’s offering of hearsay

 evidence.

¶8 At 5:50 p.m. on 23 April 2017, the State emailed defense counsel stating as

 follows:

 [I]t occurred to us that there are recordings of the
 [d]efendant on [the day he met with defendant’s expert, Dr.
 George Corvin], although not with Dr. Corvin. The
 recordings are of the jail calls. We have listened to some
 jail calls and decided that they are relevant material to his
 state of mind as well as his memory of the night of the
 murder.

 The prosecutor also identified that the calls were “from August 12–August 14, 2015”

 and were “numbered 251–274.”

¶9 The next day, 24 April 2017, the matter was called for trial. Defense counsel

 moved for a continuance to afford him time to review the calls and deal with how they

 might affect the testimony of defendant’s two experts. Defense counsel had not been

 able to listen to the twenty-three calls identified by the State. Defense counsel argued

 that defendant’s rights would be violated under the Fifth, Sixth, and Fourteenth

 Amendments of the United States Constitution and Article I, Sections Nineteen and

 Twenty-Three of the North Carolina Constitution, specifically defendant’s rights to

 due process, effective assistance of counsel, and confrontation of witnesses. Defense

 counsel also tendered into the record for the trial court’s consideration the emails
 STATE V. JOHNSON

 2021-NCSC-165

 Opinion of the Court

 between defense counsel and the State, as summarized herein, and the CDs

 containing the over 800 calls.

¶ 10 The trial court denied the motion to continue.1 After the denial of the motion

 to continue, defense counsel further requested that he be given a day or a half-day

 after the completion of jury selection but before opening statements to listen to the

 four hours of calls identified by the State and to speak with his experts. Defense

 counsel indicated that he had spoken to his experts and they would make themselves

 available.

¶ 11 After jury selection was completed on Friday, 28 April 2017, defense counsel,

 at around 11:30 a.m., renewed his request for a continuance. Defense counsel asked

 the trial court to delay opening statements until Monday to afford him the rest of the

 day and the weekend to review the calls and talk with his experts. Defense counsel

 argued that he had not had the time to listen to all twenty-three calls, had yet to

 understand them, and would be compelled to make an opening statement without

 knowledge of material rebuttal evidence. The trial court denied the request, and the

 State and defense counsel proceeded to present their respective opening statements.

¶ 12 Ultimately, defendant was convicted of first-degree murder under the felony

 murder rule with the underlying felony being assault with a firearm on a government

 1 The trial court orally ruled on the motion to continue. No order with findings of fact

 or conclusions of law was entered.
 STATE V. JOHNSON

 2021-NCSC-165

 Opinion of the Court

 official, robbery with a dangerous weapon, and assault with a firearm on a

 government official. The trial court imposed a term of life without parole for first-

 degree murder and a consecutive term of 60 months to 84 months for robbery with a

 dangerous weapon. The trial court arrested judgment on assault with a firearm on a

 government official.

¶ 13 On appeal, a divided panel of the Court of Appeals concluded that the trial

 court committed no reversible error. State v. Johnson, 273 N.C. App. 358, 367 (2020).

 The Court of Appeals held that regardless of the standard of review, any error by the

 trial court in not allowing the motion to continue was not prejudicial to the felony

 murder conviction because the underlying felony was a “general[-]intent” crime, and

 the calls were admitted to rebut testimony from defendant’s expert concerning

 defendant’s diminished capacity. Id. at 361–63. The Court of Appeals also concluded

 that the denial of the motion to continue was not an error. Id. at 363, 366–67. The

 dissent disagreed, contending that the majority failed to apply the correct standard

 of review for addressing a motion to continue based on a constitutional right and that

 under the correct standard, defendant is entitled to a new trial. Id. at 367–68 (Stroud,

 J., dissenting). Defendant appealed as of right based on the dissent.

 II. Standard of Review

¶ 14 A ruling on a motion to continue is addressed to the sound discretion of the

 trial court and reviewed on appeal for abuse of discretion unless the motion “raises a
 STATE V. JOHNSON

 2021-NCSC-165

 Opinion of the Court

 constitutional issue.” State v. Searles, 304 N.C. 149, 153 (1981). If the motion raises

 a constitutional issue, “the trial court’s action upon it involves a question of law which

 is fully reviewable by an examination of the particular circumstances of each case.”

 Id. However, regardless of the nature of the motion to continue, whether

 constitutional or not, a denial of a motion to continue is “grounds for a new trial only

 upon a showing by [the] defendant that the denial was erroneous and that [ ]his case

 was prejudiced thereby.” Id.

¶ 15 “If the defendant shows that the time allowed his counsel to prepare for trial

 was constitutionally inadequate, he is entitled to a new trial unless the State shows

 that the error was harmless beyond a reasonable doubt.” State v. Tunstall, 334 N.C.

 320, 329 (1993); see N.C.G.S. § 15A-1443(b) (2019) (“A violation of the defendant’s

 rights under the Constitution of the United States is prejudicial unless the appellate

 court finds that it was harmless beyond a reasonable doubt. The burden is upon the

 State to demonstrate, beyond a reasonable doubt, that the error was harmless.”).

 III. Analysis

¶ 16 Defendant’s motion to continue raised a constitutional issue, requiring de novo

 review by this Court. As set forth herein, exercising our judgment anew, we conclude

 the trial court erred by denying the motion to continue. Defendant had

 constitutionally inadequate time to address the calls. Yet, the trial court’s

 constitutional error was harmless beyond a reasonable doubt as to defendant’s
 STATE V. JOHNSON

 2021-NCSC-165

 Opinion of the Court

 conviction of first-degree murder under the felony murder rule with the underlying

 felony being assault with a firearm on a government official. The calls were admitted

 as rebuttal evidence to defendant’s evidence of lack of specific intent. However, the

 offense of assault with a firearm on a government official does not require a defendant

 to have a specific intent. It is a general-intent crime. Therefore, there can be no

 prejudice from the denial of the motion to continue as a matter of law to the conviction

 of assault with a firearm on a government official or felony murder resulting

 therefrom, because the calls were not relevant to any element of these crimes.

 A. Constitutional adequacy of time to prepare for trial

¶ 17 As defendant’s request for a continuance before the trial court raised a

 constitutional issue, we review de novo the constitutional issue. The constitutional

 guarantees of assistance of counsel and confrontation of one’s accusers and adverse

 witnesses implicitly provide that “an accused and his counsel shall have a reasonable

 time to investigate, prepare[,] and present his defense.” State v. Rogers, 352 N.C. 119,

 124 (2000) (quoting State v. McFadden, 292 N.C. 609, 616 (1977)). “To establish a

 constitutional violation, a defendant must show that he did not have [adequate] time

 to confer with counsel and to investigate, prepare[,] and present his defense.”

 Tunstall, 334 N.C. at 329. “To demonstrate that the time allowed was inadequate,

 the defendant must show ‘how his case would have been better prepared had the

 continuance been granted or that he was materially prejudiced by the denial of his
 STATE V. JOHNSON

 2021-NCSC-165

 Opinion of the Court

 motion.’ ” Id. (quoting State v. Covington, 317 N.C. 127, 130 (1986)). What constitutes

 inadequate time “must be determined upon the basis of the circumstances of each

 case.” Id. (quoting State v. Harris, 290 N.C. 681, 687 (1976)).

¶ 18 Exercising our judgment anew, we conclude that the trial court erred by

 denying defendant’s motion to continue because defendant showed the trial court that

 he did not have reasonable time to address the calls, that he would have been better

 prepared had the continuance been granted, and that he was materially prejudiced

 by the denial of his motion.2 In other words, defendant demonstrated to the trial court

 that the time allowed his counsel to prepare his defense was constitutionally

 inadequate.

¶ 19 We first recognize that the time available to defense counsel to address the

 calls was limited. Defense counsel informed the trial court and tendered into the

 record the calls and the emails reflecting that defense counsel received notice at 5:50

 p.m. the night before jury selection started that the State intended to use twenty-

 three of the calls—after the State had indicated that it was not using any of the calls

 and defense counsel and investigator had stopped reviewing them. Under these

 2 Here, defense counsel showed the trial court that he would be better prepared if the

 continuance had been granted and counsel’s actual performance supports defendant’s claim
 of material prejudice. Accordingly, we do not conclude or hold that prejudice could be
 presumed in this matter. See United States v. Cronic, 466 U.S. 648, 662 (1984) (“[O]nly when
 surrounding circumstances justify a presumption of ineffectiveness can a Sixth Amendment
 claim be sufficient without inquiry into counsel’s actual performance at trial.”); State v.
 Rogers, 352 N.C. 119, 126 (2000).
 STATE V. JOHNSON

 2021-NCSC-165

 Opinion of the Court

 unique circumstances, where defense counsel relied on the State’s representations,

 one of which was unqualified, and was reasonably preoccupied with other filings by

 the State and preparation for trial, we consider the relevant date and time for our

 analysis to be when the State informed defense counsel that the State intended to

 use the twenty-three calls. Thus, this case is unlike Tunstall, where “defendant’s

 counsel had at least three days between notification of [two oral] statements [made

 by defendant to law enforcement] and the beginning of jury selection in the

 defendant’s trial in which to investigate the circumstances under which the

 statements were made.” Id. at 332.

¶ 20 Further, defendant’s sole counsel only had the early mornings of and the late

 evenings of five days to listen to the calls and assess their impact on defendant’s

 defense before making his opening statement to the jury. During the day, defense

 counsel was in court for the pretrial proceedings and jury selection for this case and

 unable to listen to the 3 hours and 53 minutes of the identified twenty-three calls or

 any other of the more than 800 calls. Defendant’s investigator was also unavailable

 due to pneumonia.

¶ 21 We also find defendant’s showing in support of his position that he would have

 been better prepared for trial both sufficient and compelling. Defense counsel

 indicated to the trial court on 28 April 2017 that with a delay of opening statements
 STATE V. JOHNSON

 2021-NCSC-165

 Opinion of the Court

 until the next business day, Monday, he could listen to all twenty-three calls,3

 determine their implication on defendant’s defense, and then consult with his expert.

 Defense counsel specifically identified that he would speak to defendant’s expert, Dr.

 Corvin, over the weekend to discuss the calls and their implication. The State had

 isolated these calls specifically to rebut Dr. Corvin’s testimony and defendant’s sole

 defense that he was incapable of forming the intent to commit the charged crimes.

 The twenty-three calls were communications made by defendant the day before, the

 day of, and the day after Dr. Corvin first met with defendant on 13 August 2015, and

 Dr. Corvin noted unusual behaviors relevant to his opinions.4

¶ 22 Finally, defendant has met his burden to show that he was prejudiced by the

 denial of the motion to continue. Defendant argues that the denial of the motion to

 continue impaired defense counsel’s ability to give an “accurate forecast of his expert

 testimony and his anticipated response to the [S]tate’s use of [the] calls” in his

 opening statement. Under the circumstances of this case and upon review of defense

 counsel’s actual performance at trial, we agree.5 As defendant identified, the calls

 were intended to undermine defendant’s only defense to the charge of robbery with a

 3 The State ultimately decided to tender as rebuttal evidence only nine of the twenty-

 three calls. The State did not notify defendant of this until 8 May 2017, which was after
 opening statements were made.
 4 Dr. Corvin also met with defendant on 20 April 2016.
 5 However, as addressed in section B of this opinion, this error was not prejudicial as

 a matter of law to the conviction of first-degree murder under the felony murder rule.
 STATE V. JOHNSON

 2021-NCSC-165

 Opinion of the Court

 dangerous weapon—his state of mind as impacted by his mental health and

 consumption of impairing substances. And this defense was complicated and involved

 experts.

¶ 23 Examining defense counsel’s actual performance, the opening statement of

 defense counsel also reflects a vagueness regarding the evidence from defendant’s

 experts. The opening statement concerned testimony about the impact of mental

 health conditions generally rather than specific details concerning defendant, even

 though Dr. Corvin ultimately testified as an expert in forensic psychiatry that the

 combination of bipolar disorder, an intellectual disability, and intoxication, which he

 found defendant to have on 4 July 2015 at the time of the alleged crimes, rendered

 defendant without the ability to form specific intent. Robbery with a dangerous

 weapon is a specific-intent offense, requiring the State to prove that defendant had

 the intent to steal. State v. Smith, 268 N.C. 167, 169 (1966). Further, even though

 defendant had retained and noticed two mental health experts, Dr. Corvin and Dr.

 Jennifer Sapia, the opening statement did not refer to experts. Instead, the singular,

 expert, was used. Thus, at the time of opening statements, defense counsel’s ability

 to provide meaningful adversarial testing of the State’s case against defendant

 concerning the robbery with a dangerous weapon charge was compromised by the
 STATE V. JOHNSON

 2021-NCSC-165

 Opinion of the Court

 inadequacy of time afforded him to prepare his defense.6 Cf. United States v. Cronic,

 466 U.S. 648, 656 (1984) (“When a true adversarial criminal trial has been

 conducted—even if defense counsel may have made demonstrable errors—the kind of

 testing envisioned by the Sixth Amendment has occurred.” (footnote omitted)). Thus,

 we are persuaded that the impact of the denial of the motion to continue was material

 and prejudicial.

¶ 24 Ultimately, what amount of time is constitutionally adequate or

 constitutionally inadequate depends on the circumstances of the case and requires a

 case-by-case assessment. Here, the assessment of the circumstances leads to our

 holding that the amount of time afforded defendant was constitutionally inadequate.

 Hence, we conclude that defendant has shown that the trial court committed

 constitutional error by denying defendant’s justifiable request for delay in his motion

 to continue.7

 6 Notably, the jury found defendant not guilty of the other charged specific-intent

 offense—first-degree murder based on malice, premeditation, and deliberation. See State v.
 Chapman, 359 N.C. 328, 374 (2005) (“Specific intent to kill is an essential element of first[-
 ]degree murder, but it is also a necessary constituent of the elements of premeditation and
 deliberation.” (cleaned up)). Thus, this is not a case where the evidence was overwhelming in
 the favor of the State concerning defendant’s state of mind. Therefore, an impact on defense
 counsel’s opening statement could have been prejudicial.
 7 The Supreme Court of the United States has recognized that the amount of time the

 government spends investigating a case or the number of documents that the government
 reviews is not necessarily relevant to the constitutional adequacy of defense counsel’s
 preparation time. Cronic, 466 U.S. at 663. Here, the State intended to use twenty-three calls
 recorded on the day of, the day before, and the day after Dr. Corvin first met with defendant
 as rebuttal evidence. Therefore, especially in this context, our holding that the trial court
 STATE V. JOHNSON

 2021-NCSC-165

 Opinion of the Court

 B. Harmless error

¶ 25 Since we conclude from our de novo review of the constitutional issue in

 defendant’s request for a continuance that the trial court erred, the State bears the

 burden of showing that the error was harmless beyond a reasonable doubt. However,

 any error by the trial court was harmless beyond a reasonable doubt as a matter of

 law regarding the conviction of first-degree murder based on the felony murder rule

 because there was no factual dispute regarding whether or not defendant committed

 the offense—the evidence supporting his conviction was uncontroverted8—and the

 admitted evidence that solely addressed defendant’s mental state was entirely

 irrelevant to this offense given that the legal elements of this conviction do not require

 anything more than general intent. See Johnson, 273 N.C. App. at 361–63. In this

 matter, the underlying felony supporting the jury’s felony murder conviction—

 assault with a firearm on a government official—is a “general-intent offense.” State

 v. Page, 346 N.C. 689, 700 (1997) (holding the offense of assault with a firearm on a

 erred by not granting a continuance until Monday for opening statements in no way endorses
 the contention that effective assistance of counsel necessitates review of all the calls.
 8 In fact, in both the opening statement and closing argument at trial, defense counsel

 did not contest any element of the offenses charged except intent. His sole defense was that
 defendant did not act with the requisite intent because of his diminished capacity from a
 mixture of a manic bipolar episode, mental disability, alcohol intoxication, and cocaine
 digestion. Later at the jury charge conference, defense counsel acknowledged that a
 diminished capacity argument was unavailable with respect to the general intent charges.
 Nevertheless, he still argued that the jury should receive an instruction that they could
 consider the facts allegedly demonstrating diminished capacity in connection with the
 knowledge element of the general intent crime.
 STATE V. JOHNSON

 2021-NCSC-165

 Opinion of the Court

 government official is a general-intent offense). A felony murder conviction requires

 no intent other than the intent necessary to secure conviction of the underlying

 felony. State v. Richardson, 341 N.C. 658, 666–67 (1995). Accordingly, defendant’s

 conviction of first-degree murder under the felony murder rule with the underlying

 felony being assault with a firearm on a government official is also a general-intent

 offense.

¶ 26 General-intent offenses are offenses “which only require the doing of some act.”

 State v. Jones, 339 N.C. 114, 148 (1994). In contrast, specific-intent offenses are

 offenses “which have as an essential element a specific intent that a result be

 reached.” Id. Thus, any evidence in this case9 supporting or negating that defendant

 was incapable of forming intent at the time of the crime is not relevant to a general-

 intent offense. See id. (holding intoxication defense is not available for general-intent

 offense); Page, 346 N.C. at 700 (holding diminished-capacity defense is not available

 for a general-intent offense).

¶ 27 Here, the calls were introduced as rebuttal evidence to the testimony of

 defendant’s expert, Dr. Corvin, who opined on defendant’s mental health diagnosis

 and capacity to form intent for the purposes of defendant’s defense. As a matter of

 law, Dr. Corvin’s testimony and the State’s rebuttal evidence of the calls are

 9 The jury was not instructed on the defense of insanity, and defense counsel did not

 argue that defendant was legally insane.
 STATE V. JOHNSON

 2021-NCSC-165

 Opinion of the Court

 irrelevant to the assault with a firearm on a government official conviction and

 resulting felony murder conviction. Therefore, we conclude that the trial court’s error

 in denying the motion to continue for defense counsel to review the calls and consult

 with the experts was harmless beyond a reasonable doubt as to the conviction of

 felony murder based on the underlying felony of assault with a firearm on a

 government official conviction. We hold that defendant is entitled to a new trial only

 on the charge of robbery with a dangerous weapon.

 IV. Conclusion

¶ 28 For the reasons set forth herein, we conclude that the Court of Appeals erred

 as the trial court committed constitutional error by denying the motion to continue.

 However, the error by the trial court was harmless beyond a reasonable doubt as a

 matter of law to the conviction of first-degree murder under the felony murder rule

 where the underlying felony was a general-intent crime. Therefore, we affirm in part

 and reverse in part the decision of the Court of Appeals and direct the trial court to

 vacate the judgment as to the robbery with a dangerous weapon conviction for a new

 trial.

 AFFIRMED IN PART AND REVERSED IN PART.

 Justice BERGER did not participate in the consideration or decision of this

 case.